UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

JULIO SILVERIO,

              Defendant.

**MEMORANDUM AND ORDER**

99-CR-1044



**JACK B. WEINSTEIN, Senior United States District Judge:**

Julio Silverio, convicted in 2001 by this court of conspiracy to commit robbery, kidnapping in aid of racketeering, and the use of a firearm in furtherance of crimes in violence, moves to set aside his conviction pursuant to Federal Rule of Civil Procedure 60(b), contending that his trial counsel was constitutionally ineffective, and for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). *See* Motion for Relief from Judgment Pursuant to Rules 60(b)(2) and 60(b)(6) of the Rules of Civil Procedure, United States v. Silverio, 99-CR-1044 (E.D.N.Y. July 29, 2011), CM/ECF No. 438 ("Def.'s Mem.").

The United States Court of Appeals for the Second Circuit summarized the relevant facts in this case as follows.

> Silverio was one of the ringleaders of a criminal gang that engaged in a series of home and business robberies over an 18-month period. The victims, including families with small children, were held hostage and threatened and terrorized at gunpoint until cash and valuables were turned over. During plea negotiations, the government expressed willingness to enter an agreement . . . , which would [have] include[d] a binding sentence recommendation of 17 years' imprisonment—notwithstanding an estimated Sentencing Guidelines range of approximately 22 to 27 years. Against counsel's advice, Silverio rejected this offer, believing he might obtain greater leniency from [the trial court]. Silverio later accepted a plea agreement that contained no binding sentence recommendation.

*United States v. Negron*, 524 F.3d 358, 360 (2d Cir. 2008) (per curiam).

Silverio was sentenced by this court principally to 272 months' imprisonment. The Court of Appeals for the Second Circuit affirmed. *United States v. Negron*, 96 F. App'x 788 (2d Cir. 2004) (summary order). The United States Supreme Court vacated the Court of Appeals' judgment to permit further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Silverio v. United States*, 543 U.S. 1102 (2005) (mem.). The case was then remanded to the trial court for resentencing in light of *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *See United States v. Negron*, 524 F.3d 358, 360 (2d Cir. 2008) (per curiam).

On remand, this court declined to resentence Silverio and concluded that the initial sentence was appropriate. The Court of Appeals affirmed, *see id.* at 359-61, and the Supreme Court denied the petition for certiorari, *see Silverio v. United States*, 129 S. Ct. 252 (2008). A subsequent motion for relief, claiming ineffective assistance of counsel, brought pursuant to 28 U.S.C. § 2255, was denied. The trial court concluded that Silverio's counsel provided "excellent legal advice and representation in court." *See* Order and Judgment, Silverio v. United States, 09-CV-4794 (E.D.N.Y. June 9, 2010), CM/ECF No. 18. The Court of Appeals for the Second Circuit denied Silverio's motion for a certificate of appealability and dismissed the appeal.

A non-evidentiary hearing was held on Silverio's instant motion on November 7, 2011. In that motion, Silverio again contends that his trial counsel was ineffective for failing to call at his sentencing hearing a psychologist who had evaluated him; he argues that, had counsel called the witness, he might have received a lesser sentence. *See* Def.'s Mem. at 5. He also seeks resentencing under 18 U.S.C. § 3582(c)(2). He relies upon the May 5, 2009 letter submitted by Sanford L. Drob, the psychologist who evaluated him. The full report of that psychologist was considered at the sentence.

Silverio contends that the sentence may have turned on whether he used cocaine before or after the criminal spree for which he was sentenced. There is nothing in the transcript indicating that the use of narcotics had any bearing on the sentence. It did not. Thus, the present argument and the May 5, 2009 letter are irrelevant.

Silverio cannot obtain relief pursuant to Rule 60(b), since Rule 60(b) cannot provide relief from a judgment and conviction in a criminal case. The Federal Rules of Civil Procedure "govern the procedure in all *civil* actions and proceedings in the United States district courts." Fed. R. Civ. P. 1 (emphasis added). Rule 60(b) may be employed in certain narrowly-defined circumstances to attack the integrity of a civil proceeding that denied a petition to vacate a judgment of conviction under 28 U.S.C. § 2255. *See, e.g., Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). But Silverio's Rule 60(b) motion does not challenge the denial of his § 2255 petition. It attacks the sentence imposed by this court in his criminal case. *See* Def.'s Mem. at 5.

Silverio also moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The statute bars this relief. Section 3582(c) provides that a term of imprisonment, once imposed, generally may not be modified by the court. In certain limited circumstances, upon the motion of the defendant, the Director of the Bureau of Prisons, or its own motion, the court may do so. The grounds include:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable policy statement issued by the United States Sentencing Commission is U.S.S.G. § 1B1.10. A reduction in a defendant's term of imprisonment is

not consistent with that policy statement—and is unauthorized by statute—if none of the amendments listed in § 1B1.10(c) are applicable to the defendant, or if an amendment listed in § 1B1.10(c) does not have the effect of lowering the defendant's applicable Guidelines range. *See* U.S.S.G. § 1B1.10(a)(2).

Silverio contends that amendment 739 to the Sentencing Guidelines provides a basis for the court to reduce his term of imprisonment. *See* Def.'s Mem. at 6. Amendment 739, however, is not listed in § 1B1.10(c). A reduction pursuant to that amendment would not be consistent with the Sentencing Commission's policy statements. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2).

The motion is denied. Were a certificate of appealability required, it would be denied. The sentence was appropriate. Were this court to have discretionary power to reduce the sentence, it would not do so.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: November 7, 2011
Brooklyn, New York